NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMIT SINGLA,<br><br>  Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No. 23-383<br><br>Agency No.<br>A216-265-782<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
San Francisco, California

Before: S.R. THOMAS, BRESS, and JOHNSTONE, Circuit Judges.

Amit Singla, a native and citizen of India, petitions for review of a Board of

Immigration Appeals ("BIA") order dismissing his appeal of an Immigration Judge

("IJ") (collectively, "the Agency") order finding him not credible and denying his

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), and also provides its own review of the evidence and the law, we review both the IJ and the BIA's decisions. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We review legal conclusions de novo and factual findings for substantial evidence. *Id.* We deny the petition.

1. Substantial evidence supports the Agency's adverse credibility determination. Considered together, Singla's inconsistent statements about the number of individuals who threatened him, his travel and employment history, and his lack of familiarity with details about the Indian National Congress Party ("Congress Party"), as well as his exaggerated statements and voluntary return to India before entering the United States, form an adequate basis for the Agency's adverse credibility determination under the totality of circumstances. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii) (asylum), 1231(b)(3)(C) (withholding of removal), 1229a(c)(4)(C) (all other relief). In each instance, the Agency referred to "specific instances in the record" to support its determination, *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010), afforded Singla opportunities to explain the inconsistencies in the record, and provided "specific and cogent reason[s] for

rejecting" those explanations. *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021)).

2. Substantial evidence also supports the Agency's finding that Singla failed to rehabilitate his testimony with sufficient corroborating evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). The Agency reasonably discounted the value of the evidence Singla submitted to show past harm or membership in the Congress Party because the documents were either unreliable or of limited probative value. *See Lin v. Gonzales*, 434 F.3d 1158, 1162 (9th Cir. 2006) (stating the record must include evidence of a "legitimate basis to distrust the documents"); *Mukulumbutu*, 977 F.3d at 927 (affording affidavit "limited weight" because declarant was an interested party and unavailable for cross-examination). Because the Agency found Singla not credible, and substantial evidence supports that conclusion, it also did not need to provide Singla with notice or an opportunity to supplement the record. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

3. Absent credible testimony or sufficient corroborating evidence, substantial evidence supports the Agency's denial of asylum and withholding of removal because Singla failed to establish past or feared future persecution on account of his political opinion. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum),

1231(b)(3)(A) (withholding of removal).

4.  Finally, substantial evidence supports the Agency's denial of CAT protection because Singla failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the Indian government. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Although the submitted country conditions reports and news articles show potential political violence in India, they do not establish that Singla faces a particularized risk of torture in the country. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DENIED.**